

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0078-15

**JOSE VASQUEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

KELLER, P.J., delivered the opinion of the Court in which KEASLER, HERVEY, ALCALA, RICHARDSON and YEARY, JJ., joined. MEYERS and JOHNSON, JJ., dissented. NEWELL, J., did not participate.

We granted the State's petition for discretionary review to determine whether appellant preserved his objection to the two-step nature of his custodial interrogation when he lodged a delayed objection that put neither opposing counsel nor the trial court on notice as to its legal basis. Because we hold that he did not, we reverse the judgment of the Fourteenth Court of Appeals.[1]

---

[1] We granted the State's petition on four grounds: (1) whether appellant preserved his "two-step interrogation" complaint, (2) whether appellant was subjected to custodial interrogation prior to receiving legal warnings, (3) whether the police deliberately employed a "two-step interrogation" technique, and (4) whether appellant was harmed by the admission of

## I. Background

Prior to his trial for capital murder, appellant filed two motions to suppress all oral statements given to police while he was in custody. The first motion contested the admissibility of any of appellant's oral statements on the grounds that those statements were involuntary, coerced, and unwarned. The second motion contested the admissibility of the recorded statement appellant gave to the police while he was in custody on the ground that the recording failed to comply with the requirements of Article 38.22 of the Code of Criminal Procedure.[2]

The trial court carried appellant's motions with trial and held a hearing on the motions outside the presence of the jury. Detective Richard Bolton, the officer who took appellant's recorded confession, was the only witness to testify for the State. Appellant testified in his own defense. Detective Bolton's testimony about when and by whom *Miranda* warnings were given is admittedly unclear. At one point he indicated that he observed two other officers, Sergeant Padilla and Officer Evans, *Mirandize* and interview appellant prior to him (Detective Bolton) ever interacting with appellant. Later, however, Detective Bolton stated that he never observed appellant being interviewed by anyone else and that he did not know if the other officers read appellant his legal warnings or not.

Appellant testified that he never received *Miranda* warnings until after he initially confessed

---

his recorded confession. Because of our resolution of ground one, ground two has become moot, and we decline to reach grounds three and four.

[2] Article 38.22 dictates, *inter alia*, that an accused's oral statement made as a result of custodial interrogation may not be used against him unless it is electronically recorded by a device capable of accurate recording, the accused receives and waives his legal warnings on the recording, all voices on the recording are identified, and the defendant receives a copy of the recording not later than the 20th day before trial. TEX. CODE CRIM. PROC. art 38.22, § 3.

off-camera and before he made his recorded statement, which was accompanied by *Miranda* warnings. During the first part of his closing argument at the hearing, appellant contested the admissibility of his statements on Article 38.22 grounds only. The trial court overruled his objection on those grounds. However, in the latter part of his closing argument, appellant mentioned, for the first time, the two-step nature of his interrogation, stating:

> Okay. And my next approach, Judge, is I'm contending this is a two-step interview. And because of the two-step interview, that they–they interviewed him. And once they got him to say what they wanted him to say, they took him in and videoed him and gave his *Miranda* warning and he told the story again. And I'm suggesting under the existing case law, that's illegal and the statement should be suppressed.

When appellant concluded his argument, the State did not respond, and the trial court neither invited the State to respond, nor invited the State to reopen its evidence in response to appellant's objection. The trial court ruled that the recorded portion of appellant's statement was admissible and his unrecorded statements were inadmissible.

Appellant was convicted of capital murder, and his punishment was assessed at imprisonment for life. On appeal, appellant complained of the admission of his recorded interview on the ground that it was obtained pursuant to an illegal two-step interrogation.[3] A "two-step" or "question first, warn later" interrogation occurs when the police interrogate a suspect without giving him his *Miranda* warnings, obtain a confession from him, then give him the *Miranda* warnings, and get him to repeat the confession he made previously.[4] The deliberate employment of such a tactic is

---

[3] *Vasquez v. State*, 397 S.W.3d 850 (Tex. App.–Houston [14th Dist.] 2013) (vacated by *Vasquez v. State*, 411 S.W.3d 918 (Tex. Crim. App. 2013)).

[4] *Missouri v. Seibert*, 542 U.S. 600, 605-06 (2004).

impermissible in this state.[5]

The Fourteenth Court of Appeals reversed appellant's conviction and remanded his case to the trial court.[6] We granted the State's petition for discretionary review, vacated the lower court's judgment, and remanded the case to that court with instructions to remand the case to the trial court for findings of fact and conclusions of law regarding the admissibility of appellant's recorded confession.[7] The trial court entered such findings. The Fourteenth Court once more reversed appellant's conviction, and we granted the State's petition for discretionary review.[8]

The lower court held, *inter alia*, that appellant preserved his two-step interrogation complaint for appeal because his written motions to suppress contested the voluntariness of his statement and because appellant referenced a two-step interview in his closing argument at the hearing on the motions to suppress.[9] We now reverse.

## II. Analysis

*A. Did appellant preserve his "two-step interrogation" complaint?*

The State argues that appellant's objection was not sufficiently specific to apprise the trial

---

[5] *Carter v. State*, 309 S.W.3d 31, 38 (Tex. Crim. App. 2010) (adopting Justice Kennedy's concurrence in *Seibert* and holding that only the deliberate employment of a "question first, warn later" interview technique will call for the suppression of a suspect's unwarned and warned statements). *See Martinez v. State*, 272 S.W.3d 615, 626 (Tex. Crim. App. 2008) (holding that when a two-step interrogation tactic has been used deliberately, a suspect's unwarned and warned statements must be suppressed).

[6] *Vasquez*, 397 S.W.3d 850.

[7] *Vasquez v. State*, 411 S.W.3d 918 (Tex. Crim. App. 2013).

[8] *Vasquez v. State*, 453 S.W.3d 555 (Tex. App.–Houston [14th Dist.] 2015, pet. granted).

[9] *Id*. at 566-67.

court of the nature of his complaint. We agree. Rule of Appellate Procedure 33.1 requires a litigant to present his objection to the trial court by a timely request, objection, or motion, that is sufficiently specific to make the trial court aware of his complaint.[10]

We have long eschewed hyper-technical requirements for error preservation.[11] Litigants need not employ "specific words or technical considerations" to avoid forfeiting their complaints.[12] Instead, a party need only let the trial court know what he wants and why he feels himself entitled to it clearly enough for the judge to understand him.[13] But, a general or imprecise objection will not preserve error for appeal unless "the legal basis for the objection is *obvious* to the court and to opposing counsel."[14]

Here, through his two written motions to suppress, appellant challenged the admission of the statements he made to police on the grounds that they were involuntary, unwarned, and out of compliance with Article 38.22. Appellant made no challenge to the two-step nature of his interrogation in either of his written motions to suppress. At the hearing on the motions to suppress, appellant elicited testimony from Detective Bolton about who interviewed appellant, when and from whom appellant received *Miranda* warnings, and whether appellant ever attempted to exercise his right to remain silent or his right to counsel.

---

[10] TEX. R. APP. P. 33.1.

[11] *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) ("[T]here are no technical considerations or form of words to be used. Straightforward communication in plain English will always suffice."). *Everitt v. State*, 407 S.W.3d 259, 263 (Tex. Crim. App. 2013).

[12] *Layton v. State*, 280 S.W.3d 235, 239 (Tex. Crim. App. 2009).

[13] *Id*. at 239; *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006).

[14] *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006) (emphasis in original).

It was not until the latter half of his closing argument at the hearing that appellant mentioned, for the first time, the two-step nature of his custodial interrogation. Appellant argues that this mention was sufficiently specific to preserve his objection for appellate review, but the remainder of the record from the hearing on appellant's motions to suppress reveals otherwise.[15]

First, the State's lack of a response to appellant's "two-step interview" comment indicates that it did not understand the nature of appellant's objection. This is especially true given the fact that the State carries an additional burden of disproving the deliberate employment of a two-step interrogation technique once a defendant objects to the admission of his statement on two-step-interrogation grounds.[16]

Second, Sergeant Padilla, one of the officers who interviewed appellant before Detective Bolton, was present at the hearing on the motion, but he was not called as a witness by either party. Had he been called as a witness, Sergeant Padilla could have testified as to whether he gave appellant *Miranda* warnings at any point during their interaction and prior to appellant receiving them on video, a critical fact in determining whether a "question first, warn later" or "two-step" interrogation tactic had been impermissibly employed.

The fact that the State did not call Sergeant Padilla to elicit this testimony suggests that the

---

[15] *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial. In making this determination, we consider the context in which the complaint was made *and the parties' shared understanding at that time*.") (emphasis added).

[16] *See Martinez*, 272 S.W.3d at 623-24 (stating, "[a]t the suppression hearing, the state failed to provide the polygrapher's name, the questions used during the polygraph examination, or the content of the initial interrogation of appellant, all of which are under the exclusive control of the State" to support its determination that the State failed to carry its burden to prove the admissibility of the defendant's statement).

State did not understand, from appellant's objection, that Sergeant Padilla's testimony was necessary. Instead, in response to the grounds alleged in appellant's written motions to suppress, the State called only Detective Bolton to discuss the voluntariness of appellant's statement and played appellant's recorded interview to demonstrate its compliance with Article 38.22.

Further, when the trial court ruled on appellant's motions, it ruled that appellant's videotaped statements were admissible, while any unrecorded statements made by appellant were not. The trial court characterized its ruling as "granting [appellant's] motion in part." This characterization makes sense in the context of appellant's written motions to suppress, which sought the suppression of all his statements–unwarned and warned, unrecorded and recorded–but where the trial court only suppressed some of appellant's statements. The trial court's response to appellant's argument and its ruling on appellant's motions to suppress indicate that it did not understand the nature of appellant's two-step interrogation complaint.

The appropriate remedy when a two-step interrogation technique has been impermissibly employed is the suppression of both the unwarned and the warned statements.[17] Where a two-step interrogation technique has been employed, suppression of only the unwarned statement does nothing to serve the underlying policy goals of *Miranda,* as advanced by the United States Supreme Court in *Missouri v. Seibert*.[18] Indeed, admitting the warned statement in such a scenario only serves

---

[17] *See id.* at 615 ("If the deliberate two-step strategy has been used, 'postwarning statements that are related to the substance of prewarning statements must be excluded unless curative measures are taken before the postwarning statement is made.'" quoting *Seibert*, 542 U.S. at 619 (Kennedy, J., concurring)).

[18] *See Seibert*, 542 U.S. at 617 (holding that Seibert's warned statements were still inadmissible because the use of a two-step interrogation method undermined the purpose of *Miranda*).

to encourage the use of two-step interrogations.

While this Court enjoys the benefit of appellant's briefing to aid us in understanding and contextualizing his mention of a "two-step interview" during his closing argument, the trial court did not. Instead, the trial court was presented with only appellant's written motions to suppress contesting the voluntariness of appellant's statements and their compliance with Article 38.22 and appellant's passing mention of a "two-step interview" at the conclusion of the hearing on his motions to suppress.

The lower court asserted that the trial court's findings of fact and conclusions of law indicate that it understood appellant to be making a two-step interrogation objection when he objected to the admission of his statements.[19] But the trial court's findings were issued at our behest after appellant raised his two-step interrogation complaint for the first time on appeal. So, the lower court's reliance on the trial court's findings in this manner is misplaced.

Moreover, in those same findings and conclusions, the trial court explicitly found that appellant's motion to suppress, "did not allege that the defendant's statement was the result of a deliberate two-step interrogation process." This further calls into question the lower court's reliance on the trial court's findings and conclusions to support its own conclusion that the trial court was aware of appellant's two step interrogation complaint. Both the State's and the trial court's responses–or lack thereof–to appellant's use of the term "two-step interview" at the hearing on his motions to suppress reveal that the legal basis for his objection was not obvious to either party.[20]

---

[19] *Vasquez*, 453 S.W.3d at 566.

[20] *See Pena*, 285 S.W.3d at 464 (holding that appellant failed to preserve his complaint where the record indicates the trial court and opposing counsel did not understand "the specific legal theory he intended to advocate").

Additionally, appellant's objection was delayed, coming after the close of the evidence at the hearing on his motions to suppress. While we decline to determine whether appellant's two-step-interrogation objection was untimely per se, the fact that it was made at the conclusion of the hearing on his two written motions, both of which fail to even mention the use of a two-step interrogation, highlights the need for increased specificity. Appellant did not call attention to the fact that he was lodging an additional objection to the admission of his recorded statement, nor did he inform opposing counsel or the trial court that he was deviating from the arguments asserted in his written motions.

Appellant's objection was too imprecise, especially given the time that it was made, to put the trial court or opposing counsel on notice as to the legal basis for that objection. Consequently, appellant's objection was not sufficiently specific to satisfy the first prong of error preservation. The State's first ground for review is sustained.

*B. Was appellant subjected to custodial interrogation before receiving and waiving his legal warnings?*

In its second ground for review, the State contests the court of appeals' conclusion that appellant was subjected to custodial interrogation before the reading of his legal warnings. At our request, on remand, the trial court entered findings of fact and conclusions of law. Several findings are relevant to this ground for review. First, the trial court found that, "the defendant was *Mirandized* prior to his original interrogation." Second, the trial court found that, "Bolton credibly testified that his partner, Investigator Padilla,[21] had interviewed the defendant prior to the formal

---

[21] While the trial court's findings refer to Sergeant Padilla as "Investigator Padilla," the record reflects that his rank is that of a Sergeant, so we refer to him as such.

statement and that Bolton had monitored the interview." Third, the trial court found that, "Bolton credibly testified that Padilla had given the defendant his legal warnings prior to questioning him."

After remand, the Fourteenth Court held that there was no evidence to support these findings and determined instead that appellant was subjected to custodial interrogation prior to receiving and waiving his legal warnings.[22] But the State neither offered, nor objected to the suppression of, appellant's unrecorded statements, and the State does not complain to us of their suppression. Therefore, whether appellant was subjected to unwarned custodial interrogation during the interviews that produced the statements is relevant only if these interviews worked as part of an impermissible two-step interrogation tactic on the part of the police that would render appellant's warned, recorded statement inadmissible under *Seibert* and *Martinez*.

But, because we have determined that appellant did not preserve his two-step interrogation complaint for appeal, it is immaterial whether appellant was subjected to custodial interrogation during any of the unrecorded interviews that preceded his warned, recorded statement. The State's second ground for review is, therefore, moot.

### III. Conclusion

Appellant failed to properly preserve his two-step interrogation complaint for appeal. Therefore, we may not determine whether a two-step interrogation technique was deliberately employed or whether appellant was harmed by the admission of his recorded confession on the ground that it was obtained as a result of a two-step interrogation.

Additionally, having determined that appellant failed to preserve his two-step interrogation complaint, it is immaterial whether he was subjected to custodial interrogation during any of the

---

[22] *Vasquez*, 453 S.W.3d at 569.

unrecorded interviews that preceded his warned, recorded confession, because none of the statements produced from his unrecorded interviews were admitted into evidence.

We sustain the State's first ground for review, reverse the judgment of the court of appeals, and reinstate the judgment of the trial court.

Delivered: February 24, 2016
Published