Kem Thompson Frost, Chief Justice
Appellant Lance Mitchell Luckenbach asks the court to grant en banc reconsideration and to reverse his driving-while-intoxicated conviction on a ground he did not raise in the trial court or before the panel that decided the appeal. Because appellant failed to preserve error on the only ground raised in his rehearing motion,[1] this case does not satisfy the exacting standard for en banc review, and the en banc court properly denies appellant's motion.
The Unpreserved Complaint
Appellant urges the en banc court to reverse his driving-while-intoxicated conviction on the ground that the trial court erred in determining that the magistrate who issued the search warrant had a substantial basis for finding probable cause that appellant operated the motor vehicle that went the wrong way down a one-way street. This court cannot reverse the conviction unless appellant preserved error in the trial court as to this ground.[2]
The preservation-of-error doctrine, as expressed in Texas Rule of Appellate Procedure 33.1, encompasses the concept of "party responsibility," meaning appellant had the duty of "clearly conveying" to the trial judge a complaint that the search-warrant affidavit did not give the magistrate a substantial basis for finding probable cause that appellant operated the motor vehicle that traveled the wrong way on a one-way street just after midnight on November 1, 2013 (the "Operator Complaint").[3] Under Court of Criminal Appeals precedent, discharging this duty meant communicating to the trial court the Operator Complaint, including the precise and proper application of the law and the underlying rationale, by a timely request, *568 motion, or objection stating the grounds for the ruling sought with sufficient specificity to make the trial court aware of it, unless the specific grounds were apparent from the context.[4] And, to preserve error, appellant had to get an adverse ruling on the Operator Complaint.[5]
The Court of Criminal Appeals points to two purposes, both rooted in fairness and efficiency, for requiring a timely, specific complaint: (1) to inform the judge of the basis of the objection and so afford the judge an opportunity to rule on it, and (2) to give the opposing side a chance to respond to the complaint.[6] A general or imprecise complaint will not preserve error for appeal unless it is clear from the record that the legal basis for the complaint was obvious to the court and opposing counsel.[7] A complaint that, in isolation, could be read to express more than one legal argument generally will not preserve all potentially relevant arguments for appeal; only when clear contextual clues show that the party, in fact, was making a particular argument will that argument be preserved.[8] In assessing preservation, appellate courts focus on clarity, timing, and specificity.
Error preservation does not require a hyper-technical or formalistic use of words or phrases; plain English suffices.[9] To avoid forfeiting a complaint on appeal, the party must "let the trial judge know what he wants, why he thinks he is entitled to it, and [ ] do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it."[10] In deciding preservation, this court does not consider arguments in isolation; rather, the court looks at the context and the parties' shared understanding at that time.[11] What a party says about what the party is presenting is often the best evidence of the party's complaint.
Assessing Preservation of Error for the Operator Complaint
The context shows that appellant failed to communicate the Operator Complaint to the trial court, so the law deems the alleged error forfeited, and this court may not reverse appellant's conviction based on the Operator Complaint.[12]
What Appellant Told the Trial Court
A person commits the offense of driving while intoxicated "if the person is intoxicated while operating a motor vehicle in a public place."[13] Appellant filed a written motion to suppress the evidence gathered as a result of the blood draw. In the motion appellant effectively complained that the search-warrant affidavit was conclusory and did not set forth sufficient facts to give the magistrate a substantial basis for finding probable cause that appellant was intoxicated. Appellant argued that *569 information within the four corners of the affidavit did not support the affiant's conclusion that appellant was intoxicated based on alcohol consumption. In the motion, appellant asserted that, although the affiant said he based his conclusions on appellant's actions, "the only 'action' that the affiant mentions about [appellant] is the fact that he was observed traveling the wrong way on a one-way street." According to appellant, "beyond this infraction, no other details are provided as to this violation such as whether the direction of travel for that road was clearly marked, whether the street was well lit, for how long [appellant] was traveling in that direction, or at what speed." Thus, in his motion to suppress, appellant told the court that the affidavit mentions appellant's action in traveling the wrong way on a one-way street, and appellant characterizes this action as both an "infraction" and a "violation." Being a passenger in a motor vehicle that is going the wrong way on a one-way street is not an infraction or a violation. But operating a motor vehicle going the wrong way on a one-way street is both an infraction and a violation of the law, which is the reason Officer Mitchell initiated a traffic stop of this vehicle and made contact with appellant.
In his written motion, appellant conveyed to the trial court that the affiant stated appellant was seen operating a motor vehicle traveling the wrong way on a one-way street. Notably absent from appellant's motion is any mention of the Operator Complaint:
• Appellant did not assert that the affiant failed to set forth sufficient facts establishing probable cause that appellant was operating the motor vehicle.
• Appellant did not argue that the magistrate could not reasonably have inferred from the affiant's statements that appellant was driving the vehicle.
• Appellant did not convey to the trial judge any complaint that the affidavit did not give the magistrate a substantial basis for finding probable cause that appellant operated the motor vehicle Officer Mitchell stopped for going the wrong way on a one-way street.[14]
Appellant did not expand his argument at the suppression hearing but instead continued to limit the scope of his motion to probable cause of intoxication. Appellant even underscored the singular focus of his complaint.
"Your Honor, the issue is a very narrow issue that we're presenting to the Court."
-APPELLANT'S COUNSEL AT THE SUPPRESSION HEARING
At the hearing on the motion to suppress, appellant's counsel framed the issue as a "very narrow" one:
Your Honor, the issue is a very narrow issue that we're presenting to the Court. It is adequately expressed in our motion. And attached to our motion is a copy of the affidavit that was given to a magistrate to obtain permission to take blood from Mr. Luckenbach.
Mr. Luckenbach was stopped on West Gray Street about midnight, going wrong way [sic]-West Gray goes right-it's a two-way street, goes left; it's a one-way street for a short period *570 of time. To make a long story short, he was stopped for that .[15]
Explaining the "very narrow issue" to the trial court, appellant's counsel stated that the affiant must articulate facts showing probable cause but that the only information contained in the affidavit is that appellant "was driving on a one-way street the wrong way, and that he had alcohol on his breath and glassy eyes." Appellant's counsel did not say that appellant was broadly challenging whether the affidavit established probable cause for each of the elements of the driving-while-intoxicated offense. Nor did counsel say that appellant was asserting more than one issue as to why the trial court should suppress the blood-test evidence. Instead, appellant's counsel told to the trial court that, as expressed in the written motion, appellant was presenting to the trial court "a very narrow issue."
As described in the written motion and at the oral hearing, that narrow issue was whether the affidavit gave the magistrate a substantial basis for finding probable cause that appellant was intoxicated. That complaint is the only complaint appellant clearly conveyed in appellant's written motion. It is the only complaint appellant argued at the hearing. It is the only complaint that appellant briefed on original submission before the panel in this court.
At the hearing on the motion to suppress, appellant did not raise-much less clearly convey-any complaint that the affidavit did not give the magistrate a substantial basis for finding probable cause that appellant operated the motor vehicle that was going the wrong way on the one-way street.[16] If anything, appellant's counsel's statements at the hearing belie that notion. Twice appellant's counsel told the trial judge that appellant was stopped going the wrong way on West Gray, i.e., appellant was driving. Counsel never once suggested that anyone else was driving the vehicle or that appellant was a passenger and not the driver. If appellant had been asserting the Operator Complaint, appellant's counsel likely would not have kept telling the trial court that appellant was stopped going the wrong way on West Gray because that statement implicates appellant as the operator of the motor vehicle and so conflicts with the Operator Complaint. Appellant's counsel's actions and statements at the hearing all point to the one issue appellant's counsel identified in the motion and at the outset of the hearing, not to the Operator Complaint.
The general statement in the motion to suppress that "the affidavit failed to provide the magistrate with requisite probable cause to believe that Mr. Luckenbach had committed the offense of [driving-while-intoxicated]" could go to any one of the elements of the driving-while-intoxicated offense.[17] This statement does not clearly convey a probable-cause challenge as to each element of the offense or a probable-cause challenge as to operation of a motor vehicle. Even if this statement, taken in isolation, could be read to express a probable-cause challenge to both the intoxication element and the operating-motor-vehicle element, no contextual clues suggest that appellant, in fact, was asserting a challenge to the operating-motor-vehicle element.[18]
The general sentence did not preserve error because it is not clear from the *571 record that the legal basis for the Operator Complaint was obvious to the court and counsel for the State.[19] Given appellant's counsel's description of the "very narrow issue" before the trial court, the Operator Complaint was not on appellant's agenda at the suppression hearing and never part of his plan of attack. Nothing in our record suggests anyone thought the Operator Complaint was in play in the trial court.
The context, circumstances, and appellant's statements in the trial court all show that appellant was not asserting the Operator Complaint. Appellant's counsel essentially acknowledged the operating-motor-vehicle and public-place elements when he stated that appellant was stopped on West Gray Street, going the wrong way on a one-way street. Appellant did not complain that the affidavit failed to give the magistrate a substantial basis for finding probable cause that appellant operated a motor vehicle in a public place. The "very narrow issue" was whether the affidavit gave the magistrate a substantial basis for finding probable cause of appellant's intoxication.
State's Lack of Awareness or Notice of the Operator Complaint
As part of the preservation analysis, courts consider whether the opposing side had fair notice of the complaint.[20] The State's suppression-hearing arguments do not suggest an awareness that appellant was asserting the Operator Complaint or that the State was responding to it. All indicators point to the trial court considering-and appellant presenting-only the "very narrow issue" appellant's counsel said appellant was presenting. Though the State asserted that the affidavit stated appellant was driving the vehicle the wrong way on a one-way street, if read in context, this argument focuses on one of the facts arguably showing probable cause that appellant was intoxicated, rather than revealing that the State understood appellant to be complaining that the affidavit did not show probable cause that appellant operated the motor vehicle.[21]
The record reflects that appellant communicated to the trial court that appellant was operating the motor vehicle when the police officer initiated the traffic stop. Under the applicable legal standard and in the context of the entire record, appellant failed to effectively communicate the Operator Complaint to the trial court.[22] And, because appellant failed to preserve error in the trial court as to the Operator Complaint, this court may not reverse appellant's conviction based on the Operator Complaint.
En Banc Reconsideration Not Warranted on an Unpreserved Complaint
Granting en banc review to address the Operator Complaint would violate fundamental principles of error-preservation established in precedent from the Court of Criminal Appeals because (1) appellant did not voice the Operator Complaint in the trial court; (2) the trial court did not rule on the Operator Complaint; and (3) the State did not have an opportunity to respond to the Operator Complaint.[23] Even liberally construing the "very narrow issue" appellant presented below does not *572 bring the Operator Complaint within the bounds of preserved error.
A mainstay of appellate law, the error-preservation rule promotes both fairness and efficiency by serving as a gatekeeper for appellate arguments, allowing only preserved issues in for merits review. For complaints subject to the error-preservation requirement, our adversary system puts the burden of detecting the alleged error and the burden of voicing the complaint on the affected party, not on the trial court. This regime makes the process both fair and efficient.
Requiring a party to raise an issue in the trial court or forfeit the issue as a potential basis for reversing the trial court's judgment gives the trial court a chance to consider the claimed error and, if appropriate, correct it. The trial judge in today's case never got the chance to consider the Operator Complaint. Nor did the State get the chance to respond to it. So, it would be both unfair and inefficient to consider the Operator Complaint for the first time on rehearing in this court.
By enforcing the error-preservation rule, appellate courts both honor precedent and serve justice. The en banc court would do neither by allowing appellant to transform what he said was a "very narrow issue" in the trial court into one broad enough to encompass a ground appellant never mentioned until the panel opinion issued in the court of appeals.
Our system does not favor en banc review and permits it only when (1) necessary to secure or maintain uniformity of the court's decisions or (2) extraordinary circumstances require it.[24] Appellant has not asserted or shown either requirement. No action is necessary to secure or maintain uniformity in the court's decisions. And, because the law required appellant to preserve error on the complaint for which he seeks en banc review and appellant failed to do so, even if that complaint otherwise held the promise of a winning argument, appellant could not possibly show extraordinary circumstances. So, his motion for en banc reconsideration fails.
(Justices Busby, Brown, and Jewell would grant en banc reconsideration).

This complaint falls within the third category under the Marin framework, and thus the error-preservation doctrine applies. See Saldano v. State , 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) ; Marin v. State , 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). This doctrine does not apply to complaints that fall under the first or second categories of the Marin framework. See Saldano , 70 S.W.3d at 889 ; Marin , 851 S.W.2d at 279.

See Saldano , 70 S.W.3d at 889 ; Marin , 851 S.W.2d at 279 ; Wright v. State , 401 S.W.3d 813, 822 (Tex. App.-Houston [14th Dist.] 2013, pet. ref'd).

See Pena v. State, 285 S.W.3d 459, 463-64 (Tex. Crim. App. 2009).

See Tex. R. App. P. 33.1 ; Pena , 285 S.W.3d at 463-64.

See Tex. R. App. P. 33.1 ; Pena , 285 S.W.3d at 463-64.

Douds v. State , 472 S.W.3d 670, 674 (Tex. Crim. App. 2015).

See Vasquez v. State , 483 S.W.3d 550, 554 (Tex. Crim. App. 2016).

See Resendez v. State , 306 S.W.3d 308, 314 (Tex. Crim. App. 2009).

See Pena , 285 S.W.3d at 464.

Id. (quoting Lankston v. State , 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) ).

Id. ; Douds , 472 S.W.3d at 674.

See Resendez , 306 S.W.3d at 313.

Tex. Penal Code Ann. § 49.04(a) (West, Westlaw 2017 1st C.S.).

See Douds , 472 S.W.3d at 674-77 ; Pena , 285 S.W.3d at 463-64 ; Swain v. State, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005) ; Rothstein v. State , 267 S.W.3d 366, 373-74 (Tex. App.-Houston [14th Dist.] 2008, pet. ref'd).

emphasis added.

See Douds , 472 S.W.3d at 674-77 ; Pena , 285 S.W.3d at 463-64 ; Swain, 181 S.W.3d at 365 ; Rothstein , 267 S.W.3d at 373-74.

See Gray v. State , 152 S.W.3d 125, 131 (Tex. Crim. App. 2004).

See Resendez , 306 S.W.3d at 314.

See Vasquez , 483 S.W.3d at 554.

See Douds , 472 S.W.3d at 674.

See Resendez , 306 S.W.3d at 314.

See Douds , 472 S.W.3d at 674-77 ; Resendez , 306 S.W.3d at 313-14 ; Pena , 285 S.W.3d at 463-64 ; Swain, 181 S.W.3d at 365 ; Rothstein , 267 S.W.3d at 373-74.

See Douds , 472 S.W.3d at 674-77 ; Resendez , 306 S.W.3d at 313-14 ; Pena , 285 S.W.3d at 463-64.

Tex. R. App. P. 41.2(c).