

# NUMBER 13-16-00356-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JACK GERALD LARKINS A/K/A
JERRY LARKINS A/K/A GERALD
JACK LARKINS A/K/A JACK
GEAROLD LARKINS A/K/A JACK
LARKINS,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

On appeal from the 347th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Hinojosa**
**Memorandum Opinion by Chief Justice Valdez**

A Nueces County jury found appellant Jack Larkins, a/k/a Jerry Larkins, a/k/a

Gerald Jack Larkins, a/k/a Jack Gerald Larkins, guilty of one count of aggravated

kidnapping and two counts of aggravated sexual assault. *See* TEX. PENAL CODE ANN. §§ 20.04, 22.021 (West, Westlaw through 2017 1st C.S.). The trial court sentenced Larkins to fifty years in prison on the aggravated kidnapping count and eighty years in prison on the aggravated sexual assault counts.[1] By three issues, Larkins contends that: (1) the statements he made during a custodial interrogation were admitted in violation of his Fifth Amendment right against self-incrimination; (2) the trial court failed to apply an objective standard when it determined that he waived his *Miranda* rights; and (3) he was prejudiced and harmed by the trial court's admission of his custodial interrogation. We affirm.

## I. BACKGROUND

Larkins was arrested for aggravated sexual assault and aggravated kidnapping that allegedly occurred on March 8, 2017. He was taken to the police station and interrogated. After waiving his *Miranda* rights, he began to talk about the extent of this encounter. At trial, the State admitted a video statement of the interrogation over Larkins's objection that he had invoked his right to counsel. The propriety of the trial court's ruling is the subject of this appeal.

## II. PRESERVATION OF ERROR

In his first point of error, Larkins contends that he invoked his Fifth Amendment right to remain silent before he waived his *Miranda* rights. Larkins also argues that he eventually waived his *Miranda* rights because of police "persuasion, promises, and quip

---

[1] The jury also convicted Larkins of misdemeanor assault and theft, for which the trial court assessed punishment at 180 days in county jail. *See* TEX. PENAL CODE ANN. §§ 22.01, 31.03 (West, Westlaw through 2017 1st C.S.). These counts are not at issue in this appeal.

2

[sic] pro quo."  The State contends these issues were not preserved for our review because Larkins did not raise his objections in the trial court.  We agree with the State.

**A.**      **Standard of Review and Applicable Law**

In order for an issue to be preserved on appeal, there must be a timely objection that specifically states the legal basis for the objection.  TEX. R. APP. P. 33.1(a); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990) (en banc).  A general or imprecise objection will not preserve error for appeal unless "the legal basis for the objection is *obvious* to the court and to the opposing counsel."  *Vasquez v. State*, 483 S.W.3d 550, 554 (Tex. Crim. App. 2016) (quoting *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006) (emphasis in original)).  When a complaint on appeal differs from that made at trial, the error is waived.  *Cook v. State*, 858 S.W.2d 467, 474 (Tex. Crim. App. 1993) (en banc).  "An objection stating one legal basis may not be used to support a different legal theory on appeal."  *Rezac*, 782 S.W.2d at 870.  "Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial."  *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996) (en banc); *Rios v. State*, 263 S.W.3d 1, 5 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); *Flores v. State*, 125 S.W.3d 744, 747 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  "The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint."  *Resendez v. State,* 306 S.W.3d 308, 312 (Tex. Crim. App. 2009).

**B.**      **Discussion**

On appeal, Larkins contends he invoked his right to remain silent with the following statements: "I do not want to talk to you," "I am not interested in anything except my wife," "I do not understand." Additionally, Larkins contends that the interrogating officer allegedly promised him information concerning Larkins's wife in exchange for Larkins's written waiver. However, at trial, Larkins objected to the admission of the interrogation video on the basis that he had invoked his right to counsel, stating:

> . . . [W]e object to the admissibility of that video because [Larkins] did invoke his right to counsel. . . . Once he initially said "I want my lawyer," it has to stop. . . . [Officer] shouldn't be initiating any conversation with him after he says, "I want my lawyer." He should be, Okay. That's it. We're leaving. . . [O]nce [Larkins] says, "I want my lawyer," say, "Okay. You want your lawyer. [W]e're out. We're done."

In addition, Larkins did not refer to his right to remain silent or the voluntariness of his confession in any way so as to indicate that he was objecting on that legal basis. *See Vasquez*, 483 S.W.3d at 554 (holding that the legal basis for the objection must be obvious to the court and to opposing counsel). As a result, the State's response concerned whether Larkins had invoked his right to counsel, and the State argued as follows:

> State:   I disagree with that, Your Honor. [H]ere in this case, the defendant keeps talking on his own, not in response to questioning. He is reinitiating the conversation on his own. And then the Ranger even tells him, after a period of time, "Look, I understand you are asking for a lawyer, but"— basically I'm paraphrasing—"[I]t's confusing because you are still telling us stuff. So if you want a lawyer, I will give you a lawyer. That's when the defendant takes it back, which I think the case says, basically, you can take it back. You can reinitiate the conversation.

Thus, Larkins's arguments on appeal—that his incriminating statements should have been suppressed because he invoked his right to remain silent and because he was

4

promised information in exchange for his statement—are legally distinct from the argument he made to the trial court that they should have been suppressed because he requested an attorney. *See Resendez*, 306 S.W.3d at 312 (holding appellant's argument to the trial court that referenced article 38.22 of the Texas Constitution was insufficient to preserve error for appeal of his specific argument under article 38.22 because "[a]rticle 38.22 contains a number of subsections that could have been applicable to the appellant's videotaped statement"); *Rezac*, 782 S.W.2d at 870 (holding that "[a]n objection stating one legal basis may not be used to support a different legal theory on appeal"); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West, Westlaw through 2017 1st C.S.).

Here, because Larkins never argued to the trial court that he invoked his right to remain silent or that his waiver was not voluntary, the State did not have the opportunity to oppose those legal bases. *See Resendez*, 306 S.W.3d at 312. Similarly, the trial court was never afforded the opportunity to rule, or to refuse to rule, on the issues of whether Larkins invoked his right to remain silent or the voluntariness of his waiver.[2] *Id.* Accordingly, neither of the two purposes—to make sure that the trial judge understands what she is being asked to do and that the State has a chance to actually oppose it—is vindicated by allowing Larkins the opportunity to raise these new arguments on appeal. *Id.*

After reviewing the record, we cannot conclude that Larkins objected to the admission of his statements on the basis of invoking his right to remain silent or

---

[2] We note the trial court postponed ruling on Larkins's invocation of counsel objection until the parties researched the matter further. However, the trial court failed to rule on the matter and allowed the State to continue to play the video of the custodial interrogation. *See Martinez v. State,* 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) ("If, on appeal, a defendant claims the trial judge erred in admitted evidence offered the by the State, this error must have been preserved by a proper objection and a ruling on that objection."). Here, Larkins did not obtain a ruling from the trial court. *See* TEX. R. APP. P. 33.1.

voluntariness. *Id.* at 315. Because his arguments on appeal do not comport with the objection at trial, we find that his complaint is waived. *See* Tex. R. App. P. 33.1(a); *Pena*, 285 S.W.3d at 464. Having concluded that Larkins failed to preserve error, we overrule his first point of error.[3] *See* Tex. R. App. P. 33.1(a); *Resendez*, 306 S.W.3d at 312.

## II.    CONCLUSION

We affirm the trial court's judgment.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed this
18th day of October, 2018.

---

[3] Because we have determined that Larkins did not preserve his complaint for appeal, we do not address his second and third grounds for review because they are not dispositive. *See* Tex. R. App. P. 47.4.