

# NUMBER 13-21-00444-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MODESTO "CHUCK" MIRELES,                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## On appeal from the 24th District Court
## of DeWitt County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant Modesto "Chuck" Mireles was found guilty by a jury of the offense of retaliation against a public servant, a third-degree felony, and attempted harassment of a public servant, a state-jail felony. *See* TEX. PENAL CODE ANN. §§ 15.01, 22.11, 36.06. Because it was shown at trial that he was previously convicted of a felony other than a state-jail felony under penal code § 12.25(a), Mireles's conviction for retaliation against a

public servant was punished as a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.42. Mireles was sentenced to twenty years' imprisonment for retaliation against a public servant and two years' imprisonment for attempted harassment of a public servant, to be served concurrently in the Correctional Institutions Division of the Texas Department of Criminal Justice. By one issue, Mireles claims the trial court abused its discretion when it allowed the State to impeach him during the guilt-innocence phase with his previous convictions from 1992. We affirm.

## I.     BACKGROUND

On October 18, 2018, Mireles was arrested for driving with a suspended license by DeWitt County Sheriff's Deputy Steven Nelson. According to testimony at trial, while being transported to the DeWitt County Jail, Mireles was extremely agitated and made numerous insulting remarks towards Deputy Nelson and his family. Mireles continuously spat towards Deputy Nelson from the backseat, though no contact occurred due to the plexiglass partition between the front seat and back seat interior of the patrol unit. Mireles said he would shoot Deputy Nelson in the head when he got out of jail. Mireless also commented that he knew Deputy Nelson and his family, knew where they all lived, and that Deputy Nelson was going to die. Deputy Nelson's body video camera and his patrol unit's dashboard video camera contained audio of Mireles's statements. Mireles also slammed his head against the plexiglass partition, whereupon Deputy Nelson activated his lights and sirens, and accelerated to the county jail to transport Mireles as soon as possible to prevent injury.

2

## II.   THE STATE'S IMPEACHMENT

During his trial, Mireles testified in his own defense. Before commencing its cross-examination, the State informed the trial court that it intended to ask Mireles about his prior convictions. The trial court allowed the State to ask Mireles about his conviction for possession of a controlled substance out of Victoria County on March 1, 2021, and his conviction for possession of a controlled substance out of Kleberg County on October 15, 2019. The State then requested permission to ask Mireles about his 1992 convictions based on lack of reformation, which the trial court agreed. Mireles objected, specifically arguing that the State needed to present documentation supporting the 2019 and 2021 convictions. Mireles then admitted to receiving discovery concerning the 1992 convictions, and informed the trial court that he was not objecting to the State's request to ask Mireles about the 1992 convictions. However, after also admitting to receiving the State's intent to use his prior convictions, Mireles nevertheless argued that the notice was not sufficient regarding the 2019 and 2021 convictions. The trial court overruled Mireles's objection and allowed the State to inquire about the 2019 and 2021 convictions. Mireles did not object when the State asked him about his 1992, 2019, or 2021 convictions.

## III.   STANDARD OF REVIEW & APPLICABLE LAW

In order for an issue to be preserved on appeal, there must be a timely objection that specifically states the legal basis for the objection. TEX. R. APP. P. 33.1(a); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). A general or imprecise objection will not preserve error for appeal unless "the legal basis for the objection is *obvious* to the court and to opposing counsel." *Vasquez v. State*, 483 S.W.3d 550, 554 (Tex. Crim. App.

3

2016) (quoting *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006)). When a complaint on appeal differs from that made at trial, the error is waived. *Cook v. State*, 858 S.W.2d 467, 474 (Tex. Crim. App. 1993). "An objection stating one legal basis may not be used to support a different legal theory on appeal." *Rezac*, 782 S.W.2d at 870. "Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial." *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996). "The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint." *Resendez v. State,* 306 S.W.3d 308, 312 (Tex. Crim. App. 2009).

## IV.    DISCUSSION

In his sole issue, Mireles contends that the trial court abused its discretion when it allowed the State to impeach him with his 1992 convictions during the guilt-innocence phase of his trial and claims that the error was not harmless. Specifically, Mireles contends the probative value of Mireles's 1992 convictions was not substantially outweighed by its prejudicial effect under Texas Rule of Evidence 609(a).

Mireles's arguments on appeal are legally distinct from the arguments he made to the trial court. *See Rezac*, 782 S.W.2d at 870 ("An objection stating one legal basis may not be used to support a different legal theory on appeal."). The record regarding Mireles's

4

objections is as follows:

[MIRELES]: I need to go and look at the discovery and verify, but I believe I have been provided discovery on the 1992 convictions with the pen pack. I don't know that I've seen any supporting documentation for the 2019 or the 2021 cases that we're talking about all the felonies. Notice is one thing. I can show the Court case law that notice is not sufficient. They also have to—if they intend on introducing those, they have to show the underlying documents to the judgment, to be specific. There's a case out of court last year talking about that as to 39.14 and how it applies to—

[THE COURT]: I'll let you find whatever you want to show to me, okay?

[PROSECUTOR]: Our office has had an open file policy for—

[THE COURT]: No, he's not saying he doesn't have the documentation, I don't think.

[PROSECUTOR]: I think that's what he's saying is that I never sent it to him.

[MIRELES]: *Right, but the pen packet on the 1992 I have, so I am not complaining about the 1992.* I am complaining about the no underlying—no evidence, I guess, underlying documents on the 2019 and the 2021 cases. That's what I am referring to. Yes, I got the notice.

[THE COURT]: I was going to say, you got notice from the State or both of those.

[MIRELES]: Right, but the case I am referring to—and I need to get the cite for you—specifically talks about that because it's the same set of facts where they got the notice in that case but not the underlying documentation.

[THE COURT]: Your client took the stand. He doesn't have underlying—he doesn't have to have underlying documentation to ask him a question. If he asks him a question, he didn't have to take the stand. But he can ask him the question now, were you, in fact, convicted

5

>                                  on such and such a date for the offense of blah, blah, blah, and he has to answer it.
>
> [MIRELES]:                       Just note my objection *to those two specific, the 2021 and 2019*.
>
> [THE COURT]:                     That's fine, that's fine, but I think when he takes the stand he opens himself up to those questions, and I am sure you told him about that.
>
> [MIRELES]:                       I explained all the pros and cons of testifying, Judge.
>
> [THE COURT]:                     I am going to let you introduce—you can ask him questions about whether he is the same person convicted in the two that you just gave to me under lack of reformation, the '92 and then the 2019 and 2021.

(Emphasis added.)

Mireles argues that his "lack of authentication" objections regarding his 2019 and 2021 convictions directly relate to the admission of the 1992 convictions as impeachment evidence. However, the record makes clear that Mireles failed to object to the use of his 1992 convictions for impeachment purposes or any other purpose, for any reason. Conversely, Mireles informed the trial court that he was "not complaining about the 1992 [convictions]" and requested the trial court to "note [his] objection to those two specific [convictions], the 2021 and 2019 [convictions]." We find that Mireles's complaint regarding the use of his 1992 convictions as impeachment evidence is waived. *See* TEX. R. APP. P. 33.1(a); *Pena*, 285 S.W.3d at 464.

Furthermore, to assert an issue on appeal, an appellant's brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). To the extent that he relies and re-urges his "lack of authentication" objections to his 2019 and 2021 convictions, Mireles

has not provided argument nor legal authority supporting his contention. Therefore, we conclude that Mireles has waived this argument through inadequate briefing. *See id.*; *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (overruling points of error as inadequately briefed when appellant neglected to present argument and authorities as required by Texas Rule of Appellate Procedure 38.1(i)). We overrule Mireles's sole issue.

## V.    CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
30th day of August, 2022.

7