

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00145-CR
_____

CODY ALLEN HAMPTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 12th District Court
Walker County, Texas
Trial Court No. 26848

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Cody Allen Hampton pled guilty to burglary of a habitation, and pursuant to a plea-bargain agreement with the State, the trial court placed him on deferred adjudication community supervision for a period of eight years. After the trial court found that Hampton violated the terms and conditions of his community supervision, it adjudicated Hampton's guilt and sentenced him to eleven years' imprisonment.

On appeal,[1] Hampton argues (1) that the trial court erred by adjudicating guilt based on alleged violations used to obtain prior modifications to his community supervision, (2) that the trial court's finding that Hampton violated the terms and conditions of his community supervision was not supported by the evidence, (3) that the trial court erred in permitting opinion testimony about his suitability for community supervision, and (4) that the trial court abused its discretion by rejecting an agreed modification in lieu of proceeding to an adjudication hearing.

We overrule Hampton's first and second points of error because, while old grounds that resulted in modifications of community supervision were included in the State's adjudication motion, sufficient evidence supported the trial court's findings of "true" on new allegations. We also find that Hampton failed to preserve his third point of error and inadequately briefed his last point of error. As a result, we affirm the trial court's judgment.

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We find no difference between the precedent of the Tenth Court of Appeals and this Court on any issue. *See* TEX. R. APP. P. 41.3.

**I.      Sufficient Evidence Supported the Finding of "True" on New Allegations**

The appellate record in this case shows that the State filed several motions to adjudicate Hampton's guilt, which were ultimately resolved by amending the terms and conditions of Hampton's community supervision instead of proceeding to an adjudication hearing.  Because the State included old allegations that had resulted in modifications of community supervision, Hampton argues that the trial court erred by adjudicating guilt on those old allegations.  Even so, "[a]n appeal from an order revoking [community supervision] is limited to the propriety of the revocation."  *Corley v. State*, 782 S.W.2d 859, 860 n.2 (Tex. Crim. App. 1989).  As a result, the question of whether new allegations were supported by sufficient evidence is dispositive of Hampton's first two points of error.  Because we find that sufficient evidence supported the findings of "true" to new allegations not raised in a prior motion by the State, we overrule Hampton's first two points.

**A.      Factual and Procedural Background**

Hampton was placed on deferred adjudication community supervision in 2015.  In 2016, the State filed its original motion to adjudicate guilt on grounds that Hampton (1) tested positive for both marihuana and opiates on May 22, 2015, (2) possessed marihuana on December 5, 2015, and (3) failed to pay fines and fees as ordered.  The original motion was dismissed after Hampton and the State agreed to modify the terms of community supervision to include provisions that required Hampton to complete a drug-offender-education course, a drug and alcohol evaluation, and an intensive community supervision program.

3

In 2020, the State filed a second motion to adjudicate guilt. In addition to listing old violations from the original motion, the State alleged in its second motion that Hampton had been indicted after committing the offense of publishing or threatening to publish intimate visual material in July 2019. The State's second motion also alleged that Hampton had failed to complete community service hours or report to the community supervision department in July and October 2019. Because Hampton and the State again agreed to modify the terms of his community supervision, the trial court dismissed the State's second motion to adjudicate guilt after extending Hampton's community supervision by another two years and requiring him to serve twenty-four days in the Walker County Jail.

In November 2021, the State filed a third motion to adjudicate guilt, which, in addition to old complaints, alleged that Hampton committed theft of property, drove without a valid license, and failed to report to the community supervision department in May 2021. The State amended its third motion by adding allegations that Hampton committed another theft of property and failed to report in January and April 2022.

At the adjudication hearing, the State abandoned the theft allegations and the allegation that he drove with an invalid license, leaving the old allegations and the new failure-to-report allegations. Hampton pled "not true" to all the State's allegations.[2]

Misty Jones, Hampton's former community supervision officer (CSO), testified that Hampton failed to report in May 2021 and January 2022. Kody White, Hampton's then-current CSO, testified that Hampton failed to report in April 2022. Although Hampton testified that he

---

[2]Even though the trial court took evidence on the old allegations and found them to be true, those facts and findings are inconsequential to this opinion and need to not be recited.

4

was in court on the date he was supposed to report in January 2022, he admitted that his mother had driven him to court but could not say why he failed to report to his CSO after court. Hampton said he sometimes had trouble arranging transportation but provided no definitive excuse for failing to report in May 2021 or April 2022. During closing, Hampton acknowledged that there was evidence of the new failure-to-report allegations but still argued that he should be continued on community supervision.

After hearing the evidence, the trial court found the State's failure-to-report allegations in the third motion to adjudicate guilt true and sentenced Hampton to eleven years' imprisonment.

## B.    Standard of Review

We review a decision to adjudicate guilt in the same manner as we review a decision to revoke community supervision—for abuse of discretion. *Little v. State*, 376 S.W.3d 217, 219 (Tex. App.—Fort Worth 2012, pet. ref'd) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)); *see In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.); *see Dickson v. State*, No. 10-17-00257-CR, 2018 WL 1415543, at *1 (Tex. App.—Waco Mar. 21, 2018, no pet.) (mem. op., not designated for publication). In a revocation hearing, the trial court is the sole trier of the facts and "determines the credibility of the witnesses and the weight to be given their testimony." *In re T.R.S.*, 115 S.W.3d at 321. A trial court's decision to revoke community supervision and to proceed to adjudication is examined in the light most favorable to the trial court's judgment. *Id.*

"The State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of" community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.

Crim. App. 1993). Proof by a preponderance of evidence as to any one of the alleged violations of the conditions of community supervision is sufficient to support a trial court's decision to revoke community supervision. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision." (quoting *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978))); *Fenner v. State*, 571 S.W.3d 892, 894 (Tex. App.—Waco 2019, pet. ref'd); *Marsh v. State*, 343 S.W.3d 475, 479 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)).

## C. The Evidence Supported the Failure-to-Report Allegations

The State argues that it proved the new failure-to-report allegations by a preponderance of the evidence. We agree.

Jones and White testified that Hampton failed to report in May 2021 and January and April 2022. Hampton testified that he was required to rely on others for transportation. Even so, the trial court was free to disbelieve him, especially after Hampton admitted that he had transportation to court on the January 2022 reporting date, that he knew he had to report in person, but that he failed to do so. Because we find that testimony from Jones and White established Hampton's failure to comply with the terms and conditions of his community supervision by a preponderance of the evidence, we find that sufficient evidence supported the trial court's findings of "true" on the new allegations. As a result, we overrule Hampton's first and second points of error.

6

## II.    Hampton Failed to Preserve His Third Point of Error

In his third point, Hampton argues that the trial court erred by allowing a lay witness to provide opinion testimony.  We find that Hampton failed to preserve this complaint for our review.

"To preserve error for appellate review, a defendant must make a timely objection or request and state the grounds on which he thinks he is entitled to a favorable ruling."  *Gonzalez v. State*, 616 S.W.3d 585, 591 (Tex. Crim. App. 2020), *cert. denied*, 142 S. Ct. 436 (2021).  "An objection or request is sufficiently specific if the trial court is aware of the complaint or if the grounds are apparent from the context."  *Id.* (citing TEX. R. APP. P. 33.1(a)).  "Magic words are not required, but the litigant must 'let the trial court know what he wants and why he feels himself entitled to it clearly enough for the judge to understand him.'"  *Id.* (quoting *Vasquez v. State*, 483 S.W.3d 550, 554 (Tex. Crim. App. 2016)).  "A general objection will not preserve error unless the legal basis is obvious to the trial court and opposing counsel."  *Id.* (citing *Vasquez*, 483 S.W.3d at 554).[3]

Hampton complains of the following portion of the transcript, which occurred during White's questioning,

> Q    [(BY WHITE)] Based on the experience that you have had with Mr. Hampton thus far, do you feel he's a good candidate to continue on [community supervision]?
>
> [HAMPTON'S COUNSEL]:  Objection.

---

[3]Also, a "point of error on appeal must comport with the objection made at trial."  *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005).

THE COURT: Overruled.

A        No. I don't.

We find that Hampton's general objection at trial did not alert the trial court to his complaint on appeal regarding opinion testimony. As a result, we conclude that Hampton failed to preserve his third appellate point for our review.[4] It is overruled.

## III.    Hampton Inadequately Briefed His Last Point of Error

At a preliminary hearing, Hampton announced that he had reached an agreement with the State to modify the terms of his community supervision: Hampton agreed to pay restitution to the victims of his theft offenses in exchange for the State's agreement to drop prosecution of those offenses. After the State confirmed that it had not spoken to the theft victims, the trial court said, "[I] would rather just hear testimony and determine whether or not the allegations in the [third] motion to adjudicate are true, and then make my decision on my own. . . . Not saying I won't do that, but I want to hear evidence before I do it." At the adjudication hearing, there was no mention of an agreement between Hampton and the State.

In his last point of error, Hampton argues that the trial court abused its discretion by rejecting an agreed modification in lieu of proceeding to an adjudication hearing. As an initial matter, the appellate record does not contain any written alleged agreement to modify community supervision, and it does not appear that the trial court rejected any such agreement

---

[4]Moreover, "a party must object each time the inadmissible evidence is offered or obtain a running objection. An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (alteration in original) (quoting *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003)). The record shows that the same question posed to White was posed to Jones, who also said that Hampton would not be a good candidate to continue on community supervision. Jones's testimony came in without objection.

8

outright. Even so, we suspect that Hampton was required to have pled "true" to the State's third motion to adjudicate guilt to receive the benefit of the bargain. Yet, Hampton pled "not true" to the State's allegations during the adjudication hearing, which did not mention any agreement between Hampton and the State. That suggests that Hampton's point is unmeritorious.

Even assuming Hampton's point had merit, we find it inadequately briefed. "To avoid forfeiting a legal argument for inadequate briefing, an appellant's brief must contain 'a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'" *Taylor v. State*, 558 S.W.3d 215, 218 (Tex. App.—Texarkana 2018, no pet.) (quoting TEX. R. APP. P. 38.1(i)); *see Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011); *Johnson v. State*, 263 S.W.3d 405, 416 (Tex. App.—Waco 2008, pet. ref'd). "[E]ncompassed within Rule 38.1 is the party's task of explaining or discussing why an argument has substance." *Taylor*, 558 S.W.3d at 218 (citing *Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017)). "[A]n appellate court has no 'obligation to construct and compose [an] appellant's issues, facts, and arguments with appropriate citations to authorities and to the record.'" *Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017) (quoting *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008)).

Hampton failed to cite to any authority supporting his one-paragraph, conclusory argument that the trial court erred by proceeding to an adjudication hearing. He also failed to address the impact of his plea on any alleged agreement with the State. We are "not required to make an appellant's arguments for him." *Neville v. State*, 622 S.W.3d 99, 104 (Tex. App.—

Waco 2020, no pet.) (citing *Lucio*, 351 S.W.3d at 896). As a result, we find that Hampton has inadequately briefed his last point of error and overrule it.

## IV.     Conclusion

We affirm the trial court's judgment.


                                        Scott E. Stevens
                                        Chief Justice


Date Submitted:      April 19, 2023
Date Decided:        May 3, 2023

Do Not Publish